HAZOURI, J.
Palm Beach Gardens Community Hospital, Inc. (the Hospital) timely appeals from a final summary judgment entered in favor of appellees, Gary Nikolits as property appraiser of Palm Beach County, John K. Clark as tax collector, and Larry H. Fuchs as the executive director of the Florida Department of Revenue. We reverse.
On March 5, 1998, the Hospital filed an action to contest an ad valorem tax assessment for the 1997 tax year. Appellees answered asserting the affirmative defense of lack of subject matter jurisdiction under section 194.171, Florida Statutes (1997). *730 Appellees thereafter filed a motion for summary judgment asserting that under section 194.171, Florida Statutes (1997), the Hospital had 60 days to file its complaint from the date the real and tangible personal property assessment rolls were re-certified, which was December 18, 1997. The latest filing date would then be February 16, 1998, and the complaint was not filed until March 5,1998.
The Hospital responded with an affidavit asserting that it had petitioned the value adjustment board contesting the assessment in compliance with section 194.171(2), which tolls the time period for filing a complaint in circuit court for 60 days from the date a decision by the value adjustment board is rendered. The Hospital’s affidavit further asserts the hearing on its petition was held on December 3, 1997, and although the value adjustment board’s decision was dated December 18, 1997, the Hospital was unaware of the value adjustment board’s decision until January 12, 1998, when one of its employees called the value adjustment board to inquire when a decision would be forthcoming. The Hospital also contends that January 12, 1998, was the first date that the value adjustment board mailed its decision to the Hospital. Since the complaint was filed on March 5, 1998, it was filed within the 60-day time period beginning January 12, 1998.
The trial court granted the appellees’ motion for final summary judgment on grounds that the complaint was not filed within 60 days from the date the appraiser re-certified the tax rolls on December 18, 1997.
The Hospital asserts two reasons why the 60-day jurisdictional statute of non-claim should have been tolled. First, the notice of the value adjustment board’s decision was not mailed to it until January 12, 1998, which was required by statute and, therefore, the time period started running on that date. Second, the decision itself did not meet the statutory requirements of section 194.034(2), and, therefore, could not trigger the start of the 60-day period. We conclude the Hospital’s assertion that the valuation adjustment board’s decision did not meet the statutory requirements of section 194.034(2), is disposi-tive. Thus, we do not address the Hospital’s first contention.
Section 194.171, Florida Statutes (1997), provides in pertinent part:
(1) The circuit courts have original jurisdiction at law of all matters relating to property taxation ...
(2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2), or after 60 days from the date a decision is rendered concerning such assessment by the value adjustment board if a petition contesting the assessment had not received final action by the value adjustment board prior to extension of the roll under s. 197.323 ...
(6) The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met....
Section 194.034(2), Florida Statutes (1997), provides for hearing procedures and rules. It states with respect to hearings before the value adjustment board that:
(2) In each case, except when a complaint is withdrawn by the petitioner or is acknowledged as correct by the property appraiser, the value adjustment board shall render a written decision. All such decisions shall be issued within '20 calendar days of the last day the board is in session under s. 194.032. The decision of the board shall contain findings of fact and conclusions of law and shall include reasons for upholding or overturning the determination of the property appraiser.
(Emphasis added).
The requirement that the value adjustment board shall contain in its deci *731 sion findings of facts and conclusions of law and shall include reasons for upholding or overturning the determination of property appraiser is not discretionary but mandatory. A review of the Record of Decision and Notice of the Value Adjustment Board reveals the total absence of findings of facts and the total absence of reasons for upholding the property appraiser. Under the heading “conclusions of law,” the value adjustment board merely states: “Petitioner did not overcome burden of proof.”
In light of the severe consequences imposed upon the expiration of the 60-day non-claim statute, strict compliance with the mandatory requirements of section 194.034(2) is required.
We, therefore, reverse the trial court’s granting of summary judgment and remand for further proceedings consistent with this decision.
SHAHOOD, J., concurs.
FARMER, J., concurs specially with opinion.